T.C. Memo. 2016-180

UNITED STATES TAX COURT

CAREY CLAYTON MILLS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26790-13.                    Filed September 27, 2016.

Carey Clayton Mills, pro se.

Brock E. Whalen, Sheila R. Pattison, and Bryan J. Dotson, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, Judge:  Respondent determined deficiencies in petitioner's income tax of $9,068 and $9,861 for 2011 and 2012 (years in issue), respectively. Respondent also determined penalties under section 6662(a)[1] for the years in

_____

[1]Unless otherwise indicated, all section references are to the Internal

**[*2]** issue; however, the parties have agreed petitioner is not liable for accuracy-related penalties. After concessions, the issue for decision is whether the allowable deduction for legal and professional services (legal fees) for 2011 should be $12,007 or $77,823. Petitioner's amended 2011 return, which reflects the $77,823 deduction for legal fees, requires us to consider whether a change in accounting method from the cash receipts and disbursements method (cash method) to the accrual method is a valid change. We hold the change in accounting method is not valid, and thus petitioner is entitled to a deduction of $12,007 for legal fees under the cash method.

## FINDINGS OF FACT

At the time the petition was filed, petitioner resided in Alaska.

Petitioner began a for-profit activity to mine minerals (mineral mining activity) in 2005. Petitioner formed Diversified Mining Ventures, L.L.C. (Diversified), on January 31, 2005, pursuant to the laws of the State of Alaska, through which he conducted his mineral mining activity. Between 2005 and 2010 petitioner accounted for gross income and expenses of his mineral mining activity using the cash method. Petitioner reported income and expenses on Schedule C,

[1](...continued)
Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] Profit or Loss From Business, attached to his income tax returns.[2] Petitioner has not filed with respondent an application to change his method of accounting.

On February 3, 2012, petitioner filed his 2011 income tax return (original 2011 return). He subsequently submitted an amended 2011 income tax return (amended 2011 return), which was processed on or around May 28, 2012. On his original 2011 return petitioner reported his business income and expenses on Schedule C, using the cash method, and claimed a deduction for legal fees of $12,007, reflecting the amount he paid in 2011. On his amended 2011 return he reported that he was using the cash method although his return reflected the accrual method of accounting for his legal fees. Petitioner cites a tax software error for the reported use of the cash method. Petitioner claimed a deduction for legal fees of $77,823 on his amended 2011 return, reflecting the total amount of legal fees billed during the 2011 tax year.

During 2011 petitioner did not maintain any formal accounting books or records. He reported $1,525 of gross receipts in 2011 from renting out equipment. The only record reflecting the gross receipts was the check used to pay for the

---

[2]Diversified is a disregarded entity for Federal tax purposes under secs. 301.7701-2(c)(2)(i) and 301.7701-3(b)(1)(ii), Proced. & Admin. Regs. Therefore petitioner appropriately reported his business income and expenses on Schedule C.

[*4] equipment rental, which did not include any information regarding the date petitioner became entitled to receive the rental income.

On September 20, 2013, respondent mailed petitioner a notice of deficiency for the years in issue. Respondent initially disallowed the deduction claimed for legal fees for 2011. Respondent has since conceded that petitioner is entitled to a deduction of $12,007 for legal fees. Respondent proposed adjustments to income on Form 4549-A, Income Tax Discrepancy Adjustments, attached to the notice of deficiency. The adjustment to petitioner's deduction for legal fees was $12,007; the adjustment for repairs and maintenance was $77,636. This, however, was an error: the amounts that should have been listed are $77,823 for legal fees, and $11,818 for repairs and maintenance, the amounts petitioner reported on the amended 2011 return. The correction of these errors did not increase the amount of the deficiency, and the amount left in dispute is significantly less than the original determination.

Petitioner timely filed a petition with this Court disputing the notice of deficiency.

[*5]                               OPINION

I.  Burden of Proof

Ordinarily, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayers bear the burden of proving that the Commissioner's determinations are incorrect.  Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Deductions are a matter of legislative grace, and the taxpayers bear the burden of proving that they have met all requirements necessary to be entitled to the claimed deductions.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

Petitioner argues that respondent introduced a new matter outside the original notice of deficiency in raising the change in accounting method issue.  Petitioner contends that he was instructed to change his accounting method by an Internal Revenue Service (IRS) agent and that now the burden of proof is shifted to respondent to prove that no such instructions were issued.  Here the record fully presents the facts, and the burden of proof plays no role in the outcome.  See Estate of Bongard v. Commissioner, 124 T.C. 95, 111 (2005).

II.  Change in Accounting Method

As a general rule, taxable income shall be computed under the accounting method by which the taxpayer regularly computes his income in keeping his

[*6] books. Sec. 446(a). Once the taxpayer has adopted an accounting method, he must secure the Commissioner's consent before he can compute his taxable income under a different method. Sec. 446(e).

If the taxpayer changes the accounting method used in computing taxable income without first obtaining consent, the Commissioner can assert section 446(e) and require the taxpayer to abandon the new method of accounting and to report taxable income using the old method. Capital One Fin. Corp. v. Commissioner, 130 T.C. 147, 155 (2008), aff'd, 659 F.3d 316 (4th Cir. 2011); Sunoco, Inc. v. Commissioner, T.C. Memo. 2004-29, slip op. at 39. The question in such a case is whether the change constitutes a change of accounting method that is subject to section 446(e). Capital One Fin. Corp. v. Commissioner, 130 T.C. at 156; Sunoco, Inc. v. Commissioner, slip op. at 42. If the change constitutes a change of accounting method that is subject to section 446(e), then the taxpayer is foreclosed from making the change by section 446(e) and the regulations promulgated thereunder without regard to whether the new method would be proper. Capital One Fin. Corp. v. Commissioner, 130 T.C. at 156; Sunoco, Inc. v. Commissioner, slip op. at 41-42.

A change in the accounting method includes a change in the overall plan of accounting for gross income or deductions or a change in the treatment of any

[*7] material item used in that overall plan. Sec. 1.446-1(e)(2)(ii)(a), Income Tax Regs. A taxpayer's change of his overall plan of accounting from the cash method to the accrual method is a change in accounting method. Id.; see Sunoco, Inc. v. Commissioner, slip op. at 45. Petitioner's purported adoption of the accrual method of accounting for Diversified in 2011 constitutes a change in accounting method. Petitioner started his mineral mining activity in 2005. From 2005 through 2010, he accounted for the income and expenses for Diversified by using the cash method. According to petitioner, he adopted the accrual method as his overall accounting method in 2011. Petitioner's purported change of his overall accounting method from the cash method to the accrual method constitutes a change of accounting method for which petitioner was required to obtain to respondent's consent.

Petitioner did not obtain respondent's consent before his purported change from the cash method to the accrual method of accounting. A taxpayer has two means through which he can obtain the Commissioner's consent to a change in accounting method. Hawse v. Commissioner, T.C. Memo. 2015-99, at *14-*15; see sec. 1.446-1(e)(3), Income Tax Regs. First, the taxpayer can file a properly completed Form 3115, Application for Change in Accounting Method, with the Commissioner during the taxable year for which the taxpayer desires to make the

[*8] change and await an affirmative grant of consent. Capital One Fin. Corp. v. Commissioner, 130 T.C. at 158; sec. 1.446-1(e)(3)(i), Income Tax Regs. The Commissioner must notify the taxpayer that his request has been granted for the Commissioner's consent to be effective. Hawse v. Commissioner, at *23. Second, the taxpayer can comply with the terms and conditions for obtaining consent under any administrative procedure promulgated by the Commissioner for that purpose. Sec. 1.446-1(e)(3)(ii), Income Tax Regs. Rev. Proc. 2011-14, 2011-4 I.R.B. 330, and Rev. Proc. 97-27, 1997-1 C.B. 680, provide the procedures for obtaining the Commissioner's automatic (Rev. Proc. 2011-14) and nonautomatic (Rev. Proc. 97-27) consent to a change in accounting method for the years at issue.

A taxpayer is required to file a Form 3115 or application in lieu of a Form 3115 to obtain the Commissioner's automatic consent to a change in accounting method. Rev. Proc. 2011-14, sec. 6.02(1)(a), 2011-4 I.R.B. 330, 346. Likewise, a taxpayer is required to file a Form 3115 to obtain the Commissioner's nonautomatic consent to a change in accounting method. Rev. Proc. 97-27, secs. 5.01(1)(a), 6.01, 1997-1 C.B. at 684, 685. Neither Rev. Proc. 2011-14, supra, nor Rev. Proc. 97-27, supra, provides that oral instructions from an agent are sufficient to confer the Commissioner's consent. Accordingly, petitioner did not obtain the

**[*9]** Commissioner's consent before his purported adoption of the accrual method for 2011.

Under section 446(e), the Commissioner can require the taxpayer to abandon the new accounting method and to report taxable income using the old accounting method. Sunoco, Inc. v. Commissioner, T.C. Memo. 2004-29. Petitioner never received permission from respondent to change his accounting method and respondent has required petitioner to abandon his new accounting method, the accrual method, under which petitioner's amended 2011 return was filed, and to report taxable income using his old accounting method, the cash method. Under the cash method, the proper deduction for legal fees is $12,007, not the $77,823 claimed on the amended 2011 return.

## III. Conclusion

We hold that petitioner was required to compute Diversified's income and expenses for the years at issue under the cash method. Accordingly, petitioner is entitled to a $12,007 deduction for legal fees for the 2011 tax year.

In reaching our holdings herein, we have considered all arguments the parties made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

**[\*10]** To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.